IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0546-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregory Allen Claybon, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1993, petitioner pled guilty to two counts of indecency with a child. Punishment was assessed at 10 years confinement, probated for five years, and a $300 fine in each case. The state subsequently filed four different motions to revoke petitioner's probation. Petitioner pled true to all four motions. After hearings held on August 25, 1995, June 27, 1998, and August 5, 1998, the trial court continued petitioner on probation. However, following a hearing on January 6, 2000, the trial court revoked petitioner's probation and sentenced him to concurrent 10-year prison terms. His convictions and sentences were affirmed on direct appeal. *Claybon v. State*, Nos. 05-00-00116-CR & 05-00-00117-CR, 2001 WL 200122 (Tex. App.--Dallas, Mar. 1, 2001, pet' ref'd). Petitioner also

filed multiple applications for state and federal post-conviction relief. The state writs either were denied without written order or dismissed for abuse of the writ. *Ex parte Claybon*, WR-49,534-02 & 49,534-03 (Tex. Crim. App. Sept. 15, 2004); *Ex parte Claybon*, WR-49,534-05 & 49,534-06 (Tex. Crim. App. Oct. 26, 2005); *Ex parte Claybon*, WR-49,534-08 & 49,534-09 (Tex. Crim. App. Mar. 1, 2006); *Ex parte Claybon*, WR-49,534-11 & 49,534-12 (Tex. Crim. App. Oct. 25, 2006).[1] Two federal writs were dismissed without prejudice for failure to exhaust state remedies. *Claybon v. Bowles*, No. 3-01-CV-0458-L, 2001 WL 611171 (N.D. Tex. May 31, 2001); *Claybon v. Cockrell*, No. 3-01-CV-1684-P, 2002 WL 1285261 (N.D. Tex. Jun. 4, 2002). One writ was denied on the merits. *Claybon v. Dretke*, No. 3-04-CV-2141-M, 2005 WL 195424 (N.D. Tex. Jan. 27, 2005), *rec. adopted*, 2005 WL 475548 (N.D. Tex. Feb. 25, 2002). The last writ was dismissed as successive. *Claybon v. Quarterman*, No. 3-06-CV-2019-L (N.D. Tex. Dec. 12, 2006), *auth. for leave to file succ. writ denied*, No. 06-11354 (5th Cir. Feb. 9, 2007).

Undeterred, petitioner now returns to federal court for a fifth time. In his most recent filing, petitioner challenges his August 5, 1998 revocation hearing on four grounds: (1) the hearing was not held in open court; (2) he was denied legal representation; (3) the hearing did not comport with due process; and (4) the proceeding was not recorded.[2] Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

---

[1] Petitioner also filed four petitions for writ of mandamus, each of which were denied. *Ex parte Claybon*, WR-49,534-01 (Tex. Crim. App. Jun. 20, 2001); *Ex parte Claybon*, WR-49,534-04 (Tex. Crim. App. Sept. 15, 2004); *Ex parte Claybon*, WR-49,534-07 (Tex. Crim. App. Mar. 1, 2006); *Ex parte Claybon*, WR-49,534-10 (Tex. Crim. App. Oct. 25, 2006).

[2] These claims are almost identical to the claims raised by petitioner in his last two federal writs. *See Claybon*, 2005 WL 195424 at *2; *Claybon*, No. 3-06-CV-2019-L, op. at 2.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE